The counsel for the appellees! filed the following petition for a re-hcaring.
The counsel for the appellee feel bound to repall the attention of the court, to the pivot on which this cause is made to turn, to-wit:
- That the contract is such an one as equity will not enforce.
We do this with serious earnestness, especially as this is a point not insisted upon the argument. They assert with confidence the contrary position, and conceive that they can maintain it on principle and authority
*379 How often are bonds given for choice of lands? and if so, the person holding them must make the choice, and then the lands are certain; see McConnell’s heirs vs. Dunlap’s devisees, Hard. 41; If on the contrary, the bonds arc for lands generally, it lies oii the obligor to assign, choose and mark out, and do the first act; see Fleming vs, Harrison’s devisees, II Bibb, 191; IV Bibb, 525. Both of. these cases were bonds uncertain as to the land, but such as would be rendered certain by designation or choice.
But'in addition to these cases, we will refer to authorities still more explicit. Under the head of “specific performance” Maddock in his treatise, I Vol. 311, ordinary page, and 312 of marginal page, declares that “when a person seized of lands, agrees by article to settle lands of a certain válue; the articles have been held to be a lien on the lands of which such person was then seized, though no particular lands were mentioned in the articles.”
This elementary writer supports his position by ref erence to the following authorities: Roundell vs. Berry, II Vernon, 482; III Atkins, 327-9, Coventry vs. Coventry, Gilb. 188. To these authorities, the counsel would respectfully call the attention of the court.
It is a maxim in equity as well as law. Id cerium est quod cerium reddi potest. Such a bond, can be rendered certain by choice, or designation; the court below decreed or directed the appellants to lay off and designate the lands.
As the point is new to the counsel, they would respectfully add another consideration. Formerly at law, a covenant of general warranty, was a real covenant; and although it named no lands, yet it was held sufficient to cause the payment of other lands in lieu of the land lost, and that even in a court of law by the old action of warranty, in which one defendant vouched another, till the first warrantor was brought before the court. This will be found in Coke’s chapter on warranty ; in Bacon’s abridgment, title warranty, and in IV Kent’s commentaries. It is true, that this remedy is disused or destroyed; and we now construe these warranties as personal covenants, lest there should be a defect of justice. But can it be true, that a court of *380 law could enforce the giving of oilier lands, in lieu of the land lost, and when there was no cxp-ess stipulation to that effect; and jet a court of chancery cannot give other lands, when there is hot only a general warranty; but an express stipulation for that purpose, and lands enough to satisfy it! There are cases, where through uncertainty, the court of chancery will not specifically enforce; but this is not one of them. If the contract is based ‘on a valid consideration, and stipulates to give lands, and that in a certain district, or out of certain tracts; the choice or designation will complete if, and that is enough, and it is insisted, a case cannot be found where, for this uncertainty only, a specific performance has been refused.
Note. The deed from Samuel Homback, to Adam. Hornback. Was a deed with special warranty. UEPOBTEH,
Petition overruled..